## Flaherty Unemployment Compensation Case.

Argued November 10, 1954. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE and ERVIN, JJ. (GUNTHER, J., absent).

*E. P. Curran,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY HIRT, J., March 24, 1955:

Thomas Roefaro owned and operated a supermarket on Millvale Avenue in Pittsburgh. To meet the needs of his expanding business he employed an architect to draw plans for enlarging the building in which his market was housed. The estimated cost of the new structure was about $34,000. Roefaro engaged claimant to supervise the work. Under his contract of employment claimant had authority to hire the workmen and to order the necessary materials. His responsibility also was to see to it that the work was performed according to the plan and that the building progressed satisfactorily. For this service claimant was to receive $100 a week. He performed the duties of his employment from October 10, 1952 until February 17, 1953 when Roefaro halted the work of construction and claimant's services were discontinued. During the period he was paid a total of $1,300.

In disposing of claimant's application for unemployment compensation benefits, the Board of Review found that claimant was not an independent contractor in relation to the work for the reason that his "services were performed under the direction and control of Thomas Roefaro." The evidence clearly supports the finding and accordingly the Board properly concluded that claimant was not barred under §4(1)

(2) (B). of the Unemployment Compensation Law as amended by the Act of May 23, 1949, P. L. 1738, 43 PS §753. Cf. *Healey v. Carey, Baxter & Kennedy, Inc.*, 144 Pa. Superior Ct. 500, 19 A. 2d 852. The Board however fell into error in concluding that claimant was not entitled to benefits on a finding that his employment in Roefaro's service was casual in character.

Section 4(1) (4) of the Act, as amended, provides: "The word 'employment' shall not include— . . . (2) Casual labor not in course of employer's trade or business . . ." The Act does not define "casual labor" and the provision of the Act excluding casual employment has not been before us for construction. Section 104 of our Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §22 in classifying employes entitled to its benefits excludes "persons whose employment is casual in character and not in *the regular* course of the business of the employer." Although the Workmen's Compensation Act, in the phrase which we have italicized, is more restrictive than the section of the Unemployment Compensation Law with which we are here concerned, yet the intent of the legislature in the corresponding sections of both Acts was the same and the provisions must be similarly construed.

In *Cochrane v. Wm. Penn Hotel*, 339 Pa. 549, 16 A. 2d 43, an appeal from our decision in 140 Pa. Superior Ct. 323, 13 A. 2d 875, the Supreme Court said: "As to what constitutes an employment casual in character, it is obvious that the term 'casual' is not capable of scientific definition. Involved in it are the ideas of fortuitous happening and irregularity of occurrence; it denotes what is occasional, incidental, temporary, haphazard, unplanned. Applying it as practically as possible to the subject of employment, it may be said in general that if a person is employed only occasionally, at comparatively long and irregular intervals, for

limited and temporary purposes, the hiring in each instance being a matter of special engagement, such employment is casual in character . . . [But] Even if there be but a single or special job involved, this does not conclusively stamp the employment as casual. If the work is not of an emergency or incidental nature but represents a planned project, and the tenure of the service necessary to complete it and for which the employment is to continue is of fairly long duration, the employment is not casual, . . ." The holding in the *Wm. Penn Hotel* case was followed in *Deviney v. J. H. France F. B. Co.,* 339 Pa. 553, 16 A. 2d 45 in which an employer company acquired a property and in order to put it in shape for the manufacture of brick, embarked upon a large scale program of reconstruction. It was there held that the employment of a workman, who was engaged as a carpenter on the project to remain on the job until its completion, was not casual in character. We have consistently adopted the interpretation of the word "casual" in Workmen's Compensation cases in accordance with the holding of the above decisions of the Supreme Court. Cf. *Parisi v. Freedom Oil Co.,* 150 Pa. Superior Ct. 260, 27 A. 2d 255; *Snavely v. Redemptorist Fathers,* 151 Pa. Superior Ct. 625, 30 A. 2d 724; *Barnett v. Bowser,* 176 Pa. Superior Ct. 17, 106 A. 2d 457.

The building of an addition to a supermarket to house a growing business is not entirely foreign to the course of that business. The construction work in this case represented a planned project and it was in no sense of an emergency or incidental nature. When claimant was engaged to supervise the work it was contemplated that his services would be required until the completion of the structure. It therefore is unimportant that the work was stopped by Roefaro for reasons which do not appear in this record and claim-

576

ant's services were discontinued four months after he was hired. Cf. *Parisi v. Freedom Oil Co.*, supra. Claimant is not ineligible for benefits on the ground upon which the Board disqualified him.

Order reversed and record remitted to the Board for further proceedings in accordance with this opinion.