C. A. Wright Plumbing Company *v.* Unemployment Compensation Board of Review.

46

Argued June 6, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Norbert A. Michalski,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 6, 1972:

These are appeals from Orders of the Unemployment Compensation Board of Review (Board) holding that two former employees of the appellant were entitled to unemployment compensation benefits.

The appellant had asked Edward J. Hussak and John Scanlon (claimants) to perform plumbing and carpentry work, and he alleges that they signed subcontractor agreements at the time they began work and that they were independent contractors throughout the

time concerned. No contract for Hussak was produced before the Board and he denied that he had ever signed one. A "subcontractor agreement" with Scanlon's name thereon was produced, but Scanlon denied having ever signed it. There was evidence introduced before the referee showing that the appellant had never deducted Social Security or income taxes from the claimants' wages, and had never paid any unemployment compensation taxes in connection with their work. The claimants were paid a set hourly wage which they received weekly, irrespective of the job on which they were engaged. Neither of the claimants had any plumbing experience prior to being hired by the appellant, and, in the appellant's own words, Hussak "came to me to go to work to learn the plumbing trade."[1] The claimants were assigned to jobs as the appellant specified and used the appellant's tools and materials. They had no business of their own and worked exclusively for the appellant during the time at issue.

The claimants were both dismissed by the appellant on December 31, 1970, and both applied for unemployment compensation benefits. The Bureau of Employment Security denied benefits, because the record showed that no unemployment compensation taxes had been paid, but, when an appeal was taken by the claimants and a hearing held before a referee appointed by the Board, the referee found that the claimants were not independent contractors but were in fact employees and entitled to benefits. The appellant then appealed to the Board, but it affirmed the referee's decision and adopted his findings of fact and conclusions of law.

---

[1] In fact, Scanlon was almost exclusively engaged in carpentry work for the appellant, a trade in which he had considerable experience. The alleged "subcontractor agreement," however, states that he was being engaged "to construct, perform and complete specified plumbing installations and services."

The courts of this Commonwealth have strictly construed the conditions which govern in cases where an employer alleges that he is not liable for the payment of an unemployment compensation tax or that a former worker is not eligible for unemployment compensation benefits. "The Unemployment Compensation Law of Pennsylvania goes very far, and properly so, and places a very heavy burden on the applicant when it makes payment to anyone who has performed a service to excuse or exempt that payment from the unemployment compensation tax." *American Diversified Corporation v. Bureau of Employment Security, Department of Labor and Industry,* 1 Pa. Commonwealth Ct. 527, 533, 275 A. 2d 423, 426 (1971). Once it is shown that an individual has performed services for wages, the burden shifts to the employer to show why the Unemployment Compensation Act permits an exemption. *Bureau of Employment Security v. Hecker & Co.,* 409 Pa. 117, 185 A. 2d 549 (1962).

The courts have rightly insisted that the definition of the law be applied as written, and Section 401 of the Unemployment Compensation Act[2] basically provides that an unemployed worker is entitled to benefits if he has received wages for "employment." In defining the term "employment," Section 4(1)(2)(B) of the Act, 43 P.S. §753(1)(2)(B) provides: "Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service *and in fact*; and (b) as to such services such individual is cus-

---

[2] Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §801.

tomarily engaged in an independently established trade, occupation, profession or business." (Emphasis added).

The purpose of this section is obviously to exclude independent contractors from coverage. In determining its application, however, subsections (a) and (b) are conjunctive, and it must be shown that both have been satisfied to exclude a worker from the Act's coverage. *Bureau of Employment Security v. Hecker & Co., supra.*

It is the appellant's position that the mere fact that the claimants allegedly signed subcontractor agreements makes them independent contractors and exempt from coverage under the Act. We believe, however, that it is necessary to look beyond any such contract at the true facts of the employment to see whether or not it fits within the provisions of Section 4(1)(2)(B).

Subsection (a) is concerned with control over the worker. "In reviewing the cases, it is not possible to pinpoint a specific principle which could be held to be decisive, but it does appear that following the wording of the statute, the courts regard the right to exercise control over the performance of services as predominant in the employer-employee association." *Department of Labor and Industry v. R. T. Schaller Co., Inc.,* 88 Dauph. 386, 389 (1968). It is clear that the nature of the job is immaterial provided that the employer supervises and directs the worker. *Flaherty Unemployment Compensation Case,* 177 Pa. Superior Ct. 572, 112 A. 2d 451 (1955); *Commonwealth v. Great Lakes Television Co.,* 39 D. & C. 2d 399, 85 Dauph. 101 (1966), affirmed, 212 Pa. Superior Ct. 564, 244 A. 2d 795 (1968). In this case, it is clear, as the Board found, that the appellant had the right to direct and control the claimants' activities, designate job sites, pay an hourly wage, and discharge them at any time. Additionally, the claimants used tools supplied by the ap-

pellant. The appellant clearly exercised control over these individuals and treated them as employees rather than as independent contractors.

This element of control would itself be sufficient to enable us to find that the claimants were not independent contractors, but such a finding is made even stronger by a consideration of subsection (b) of Section 4 (1) (2) (B). That subsection contemplates an independent contractor as having a proprietary interest in some business which he can operate free from control of any other individual. *Bureau of Employment Security v. AAA Moving and Storage Company*, 24 D. & C. 2d 494, 76 Dauph. 335 (1961); *Department of Labor and Industry v. Research, Inc.*, 68 Dauph. 267 (1955). Further, an individual cannot be said to be independently engaged in business "where he is dependent upon another for the continuance of his employment and thus becomes unemployed through no fault of his own." *Bureau of Employment Security v. Hecker & Co., supra,* 409 Pa. at 122, 185 A. 2d at 552. The evidence before the Board was undisputed that the claimants had no employment other than that with the appellant. They had no proprietary interest in any business and did not hold themselves out as available for employment by anyone other than the appellant. In fact, neither claimant ever had any qualifications to hold himself out as a plumber until, perhaps, after the training given by the appellant. Clearly the claimants were not "independent contractors" as contemplated by subsection (b).

The appellant would have us hold that, by having his employees sign a subcontractor's agreement, and by not withholding Social Security and income taxes, an employer can exempt himself from paying unemployment compensation tax and can exclude his employees from unemployment compensation benefits. Such a result would be a travesty of the law when the facts clearly

show, as here, that, the employees were not independent contractors as defined in Section 4(1)(2)(B) of the Act. As has been said, unless the employer can show that the employees are not subject to his control and direction and are engaged in an independent trade, occupation or profession, then he cannot come within the exemption and the employees must be eligible for benefits unless, of course, another exemption provision of the Act were applicable, and this is not here alleged.

The Board here clearly had substantial evidence on which to base its decision, and we must affirm it. *Catanzaro v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 509, A. 2d (1972). We, therefore, issue the following

### Order

Now, July 6, 1972, the decision and order of the Unemployment Compensation Board of Review are affirmed.