Mary Ann Laswick, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 13, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*James Cole,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 26, 1973:

This is an appeal by an unemployment compensation claimant from an adjudication of the Unemployment Compensation Board of Review, affirming a referee's denial of continued compensation on the ground that the appellant had taken up and was engaged in self-employment.

The appellant was laid off from her work as a receptionist. She applied for and received unemployment compensation. While she was still receiving compensation, the appellant began work as a jewelry demonstrator and salesperson with the Caroline Emmons Company. Her duties with Emmons were to persuade others to invite friends and acquaintances to their homes so that she might demonstrate and attempt to sell Emmons' jewelry. Emmons furnished her with a sales kit which remained its property. The appellant accepted orders for jewelry. Emmons did the billing and collecting and delivered the merchandise. The appellant received only commissions on sales. She was trained in her duties by a branch manager and she was required to report her activities once a week. She paid nothing to Emmons for the privilege of working for it and had no interest in that company. Her employment was solely at the will of Emmons.

The Pennsylvania Unemployment Compensation Act provides that a claimant otherwise eligible to receive benefits shall be rendered ineligible by taking up and while engaged in self-employment.[1] On the other hand,

---

[1] Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, §402(h), 43 P.S. §802(h).

an eligible claimant may continue to receive benefits during periods of employment by others, his unemployment benefits being reduced on account of his remuneration received from the employer.[2]  The issue, therefore, is whether the claimant here, after commencing and while attempting to sell Emmons' products, was self-employed or was merely an employe of Emmons.

We believe, contrary to the Board of Review's conclusion, that she was not self-employed but that she was Emmons' employe.  The Unemployment Compensation Law defines an employe as one who is performing services for an employer in employment.  Act of December 5, 1936, P. L. (1937) 2897, §4(i), 43 P.S. §753(i).  Employment is defined pertinently as: "Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business." Section 4(L)(2)(B), 43 P.S. §753(L)(2)(B).  We can find no significant distinction between the facts here and those of *Leinbach v. Unemployment Compensation Board*, 146 Pa. Superior Ct. 237, 22 A. 2d 57 (1941), which held that a traveling salesman paid by commissions and entrusted with his employer's sample case and a territory to cover as he pleased was an employe eligible for compensation.  Nor can we improve on the statement of Judge KELLER in that case: ". . . A traveling salesman, who is hired or engaged to go about showing samples, and taking orders for goods which he

---

[2] Unemployment Compensation Law, *supra*, §404(d), 43 P.S. §804(d).

transmits to his firm, who . . . receive the purchase money when and as paid, is generally regarded as an employee, and it is immaterial, in this respect, whether he is paid a salary or by commission (Hamberger v. Marcus, 157 Pa. 133, 139, 27 A. 681), whether he is furnished transportation by his employer or pays his own expenses, and whether control over the performance of his services is actually *exercised*, if it has the right to do so (Walters v. Kaufmann Dept. Store, 334 Pa. 233, 235, 5 A. 2d 559) for in such case, he is not free from control or direction. . . . Our reports contain many cases where traveling salesmen, performing similar duties, were awarded workmen's compensation, when injured in the course of their employment [citing cases]." (Emphasis in original.) 146 Pa. Superior Ct., at 242, 22 A. 2d at 59. Clearly the appellant was subject to Emmons' control. She was its employe and not self-employed while engaged as a jewelry demonstrator and salesperson.

### ORDER

. And now, this 26th day of October, 1973, the order of the Board of Review is reversed.

