Thomas H. Lynn, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges CRUM-
LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Bernard J. Meyer,* for petitioner.

*Michael Klein,* Assistant Attorney General, with
him *Gerald Gornish,* Acting Attorney General, for re-
spondent.

OPINION BY JUDGE BLATT, January 23, 1979:

Thomas H. Lynn (appellant) appeals here from
an order by the Unemployment Compensation Board
of Review which affirmed a referee's decision that
he was a self-employed salesman and was therefore
ineligible to receive benefits under Section 402(h) of
the Unemployment Compensation Law[1] (Act). The

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended,* 43 P.S. §802(h).

Board also held that he had intentionally given incorrect information regarding his employment status and wages in order to receive benefits and was consequently liable for a fault overpayment in the amount of $5,453.00 under Section 804(a) of the Act, 43 P.S. §874(a).

The appellant argues that he did not improperly receive benefits because he was not self-employed, and that he cannot be held to be self-employed because there was no determination that he was ''customarily engaged in an independent trade.'' He also argues that he did not give incorrect information to obtain benefits.

The findings of fact are supported by substantial evidence and indicate clearly that the appellant set his own working hours, was not restricted to a geographical territory, developed his own leads and operated free from the control and direction of any other individual. We believe that this adequately establishes self-employment. *O'Brien v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 272, 370 A.2d 805 (1977); *Unemployment Compensation Board of Review v. Kessler*, 27 Pa. Commonwealth Ct. 1, 365 A.2d 459 (1976); *American Diversified Corp. v. Bureau of Employment Security*, 1 Pa. Commonwealth Ct. 527, 275 A.2d 423 (1971). With regard to the determination of a ''fault overpayment,'' we believe that the appellant did improperly mislead the Bureau. He testified that he did not report his sales commissions because he was under the impression that he was allowed to make 40% of his gross income and still be eligible for benefits. The referee presumably found the testimony to be either incredible or unpersuasive. The appellant appears to have been advised throughout the period when he was applying for benefits that he should inform the Bureau of any earnings and he uniformly stated that he was

not employed and had not received any earnings. We believe therefore that his acts could be interpreted as being designed improperly and intentionally to mislead the Bureau, and this establishes as a matter of law a fault overpayment. *Rozanc v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 369, 366 A.2d 611 (1976).

We therefore affirm the order of the Board.

Judge CRUMLISH, JR. concurs in the result only.

### ORDER

AND Now, this 23rd day of January, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

