## Margaret A. Law, Claimant *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Robert L. Biggs,* for petitioner.

*Michael D. Klein,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 11, 1979:

Claimant has appealed from the decision of the Unemployment Compensation Board of Review affirming the referee's denial of compensation on the ground that, although claimant had a compensable separation from her previous employment, she since has become self-employed and is therefore ineligible for any benefits.

Section 402(h) of the Unemployment Compensation Law[1] disqualifies self-employed persons from receiving unemployment benefits.

On the basis of the referee's finding that claimant was paid on a commission basis for selling products of Queen's Way Fashion, Inc., which controlled neither claimant's hours of work, manner of securing sales nor scheduling of fashion display parties, the Board concluded that claimant was self-employed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

The term, "self-employment" is not defined by the statute. However, based on the meaning of "employment" within Section 4(1)(2)(B), 43 P.S. §753(1)(2)(B) of the Law, it is clear that a claimant can only be classified as self-employed when it is established that: (1) the individual is not subject to control or direction by the employer in the performance of the service, and (2) the business is one which is customarily engaged in as an independent trade or business. *Unemployment Compensation Board of Review v. Kessler,* 27 Pa. Commonwealth Ct. 1, 365 A.2d 459 (1976).

Claimant argues on appeal that the Board's conclusion that she was self-employed was against the weight of the evidence. We agree, and hold that the findings of fact were not sufficient to support the Board's legal conclusion that claimant was self-employed.

We find no significant distinction between the facts here and those in *Laswick v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 356, 310 A.2d 705 (1973), where this Court determined that a jewelry demonstrator, working as a commissioned salesperson, furnished with a sample kit and trained by the company, who solicited orders at parties she organized, was an employee.

The record in this case presents similar circumstances. Claimant received sample pieces of clothing from Queen's Way. Claimant was to solicit orders at parties she organized. Payment and delivery matters rested entirely with Queen's Way.

At the hearing before the referee, claimant testified that she was required to attend monthly sales meetings and that, in order to continue, she had to meet a minimum sales quota, within a time period prescribed by Queen's Way.

In *Kessler, supra,* by contrast, the facts indicated the absence of control over claimant's sales activities;

"claimant's services were performed without interference . . . and could be undertaken without regard to the identity of the employer, so that it is proper to conclude, that he is customarily engaged in an independent trade." 27 Pa. Commonwealth Ct. at 6, 365 A.2d at 462.

Here, however, there is substantial evidence in the record to indicate that claimant had no proprietary interest in the company, and that she was clearly subject to Queen's Way's control. Therefore, we find that claimant was an employee, eligible to continue to receive compensation benefits, reduced on account of the remuneration received from her employer. *Laswick, supra,* 10 Pa. Commonwealth Ct. at 357-58, 310 A.2d at 705-06.

We reverse the Board's determination, and vacate its order affirming the referee's denial of benefits to claimant.

### Order

And Now, this 11th day of April, 1979, the order of the Unemployment Compensation Board of Review, dated May 2, 1977, denying benefits to Margaret A. Law, is reversed, and the record is remanded for a computation of benefits.