DeBolt Transfer, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 12, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Thomas D. MacMullan,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 3, 1981:

The petitioner[1] appeals here from an order of the Unemployment Compensation Board of Review which granted benefits to the claimant.[2] It contends that the claimant was self-employed and so was ineligible for benefits under Section 402(h) of the Unemployment Compensation Law.[3]

The claimant had worked for the petitioner for 10 years as a truck driver and was laid off on November 10, 1978. He owned his own truck, which he leased to the petitioner, and he was paid on a separate basis for the use of the truck and for making deliveries. The Office of Employment Security found him ineligible for unemployment compensation benefits because he was

---

[1] DeBolt Transfer, Inc.

[2] Emile Proul.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(h).

not an employee within the meaning of the Law. The referee reversed that determination, and the Board affirmed the referee's award of benefits, making the following relevant findings concerning the existence of an employment relationship[4] between the claimant and the petitioner:

> 5. The claimant received two separate checks each week from DeBolt Transfer, Inc.; one check was for the rental of his equipment, and the other check was for the claimant's wages for driving the truck.

> 6. The claimant could not use his equipment for any other deliveries, only those that he was dispatched to by DeBolt Transfer, Inc.

> 7. The claimant, after accepting a trip assignment, was required to follow the route issued him by his employer.

The petitioner's primary argument is that the Board's findings constituted a capricious disregard of the evidence.[5]

---

[4] The term "self-employment" is not defined in Section 402(h) of the Law, 43 P.S. §802(h). But based on the meaning of "employment" in Section 4(1)(2)(B), 43 P.S. §753(1)(2)(B), we have held that a claimant who has performed services for wages can be classified as self-employed only when the employer establishes that: (1) the individual is not subject to control or direction by the employer in the performance of the service, and (2) the business is one which is customarily engaged in as an independent trade or business. *Law v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 586, 399 A.2d 1173 (1979).

[5] Where the employer, who has the burden of proving that the claimant was self-employed, *C.A. Wright P. Co. v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 45, 293 A.2d 126 (1972), was unsuccessful below, our scope of review is to determine whether an error of law has been committed and whether the findings of fact can be sustained without a capricious disregard of competent evidence, *Sun Oil Co. v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 21, 408 A.2d 1169 (1979).

As to the claimant's ability to make deliveries other than those made for the petitioner, the determination of this issue at the hearing revolved around whether or not the claimant was permitted to "trip lease", *i.e.*, whether or not he could deliver the petitioner's goods and, rather than returning to Pittsburgh without a load, contract with another business concern to haul its goods on his return trip. The testimony of the petitioner's representative was that the claimant was permitted to trip-lease, although in doing so, he was not covered by the petitioner's insurance. He also testified that other drivers in the claimant's position did trip-lease. The only testimony presented by the claimant concerning trip-leasing was:

> I couldn't trip-lease on account of—for instance, if I got a load that—like the other man said—and went to Erie—and to make a trip-lease back—their insurance—wouldn't allow you to trip-lease another load coming back....

It is significant to note that the claimant did not state that the petitioner did not permit him to trip-lease; to the contrary, he stated only that the petitioner's insurance would not cover the trip-lease. Thus, his statement is actually consistent with the statement of the petitioner's representative. In fact, the claimant's statement tends to corroborate the petitioner's position. Even if we were to assume, therefore, that the Board simply found the petitioner's statement to be incredible (*i.e.*, that the petitioner did not prohibit trip-leasing), the claimant did not offer any clear evidence to the contrary.

As to the Board's finding that the claimant was required to follow the route issued to him by the petitioner, the Board does not point to any evidence in the record to that effect and our review of the record does not reveal any. In fact, the only testimony concerning routes was the testimony of the petitioner's represen-

250

tative, who stated that the petitioner did not establish the drivers' routes and that they were free to choose their own.

The Board's essential findings of fact concerning the degree of the petitioner's control over the claimant, therefore, could only · have been made after a capricious disregard of the evidence. The Board's order must consequently be reversed.

### ORDER

AND, Now, this 3rd day of April, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is reversed.

Judge ROGERS dissents.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.