Norman C. Marr, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 7, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Norman C. Marr,* appellant, for himself.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, January 18, 1974:

This is an appeal by Norman C. Marr (claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of compensation. The referee had held that the claimant was not unemployed within the meaning of the law at the time in question.

The claimant had lost his job as a development engineer, had applied for and had been receiving unemployment compensation. While still receiving compensation, however, he began working for Charles Bishop and Company (Bishop) attempting to sell promotional material to banks. He was to be paid on a commission basis. This employment situation resembles that of the claimant in *Laswick v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 356, 310 A. 2d 705 (1973), who was selling jewelry on a commission basis at the same time as she was receiving unemployment compensation. In reversing the Board's denial of continued benefits, this Court then stated: "The Pennsylvania Unemployment Compensation Act provides that a claimant otherwise eligible to receive benefits shall be rendered ineligible by taking up and while engaged in self-employment.[1] On the other hand, an eligible claimant may continue to receive benefits during

---

[1] Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, §402(h), 43 P.S. §802(h).

periods of employment by others, his unemployed benefits being reduced on account of his remuneration received from the employer."[2] 10 Pa. Commonwealth Ct. at 357-358, 310 A. 2d at 705-706. The claimant here, being a part-time employee of Bishop, was thus still eligible to receive benefits, reduced, however, by the amount of any remuneration received from Bishop. The referee and the Board, therefore, were in error in denying the possibility of any benefits.

We also note that the Board may have erred in determining that the claimant was not "unemployed." Section 401 of the Unemployment Compensation Law, 43 P.S. §801, does provide that compensation is payable to any employee who is or becomes "unemployed" and meets certain other conditions. That term is defined in Section 4(u) of the Unemployment Compensation Law, 43 P.S. §753(u). That section provides, *inter alia*: "An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit."

It is possible that, although employed by Bishop, the claimant received no remuneration for his activities and has no expectation of receiving any remuneration in the future. If this is true, his status would appear to fit within the above definition and he would apparently be entitled to compensation for this reason as well as for those outlined in *Laswick, supra*. Since the record is unclear, however, as to whether or not he did in fact receive, or if he has any expectations of receiving, remuneration from Bishop, we must remand the record

---

[2] Unemployment Compensation Law, §404(d), 43 P.S. §804(d).

to the Board for a determination of this issue. If remuneration was received, the amount shall be deducted from the claimant's compensation benefits.

For the above reasons, therefore, we issue the following

ORDER

Now, January 18, 1974, the order of the Unemployment Compensation Board of Review denying benefits to Norman C. Marr is reversed and the record is remanded to the Board for further proceedings consistent with this opinion.