William J. Sproul, Jr., Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 6, 1974, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*John M. Cleary,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 25, 1974:

William J. Sproul, Jr., appeals here from a determination of the Unemployment Compensation Board of Review denying him unemployment compensation upon the ground that his voluntary separation from work was "without cause of a necessitous and compelling nature" within the meaning of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Exec. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). Claimant was last employed as a gear hobber or cutter at a weekly wage of $210.09 for Westinghouse Electric Company, where he had worked for over thirty-one years. Sometime before May 10, 1973, his last day of work, Westinghouse notified Claimant that his position was being phased-out and offered him, under a contractual "bumping right," a labor grade 3 job at an adjusted wage of $4.09 per hour. Claimant's prior position was a labor grade 10 job, described as a skilled machinist level, paying an adjusted hourly wage of $5.005. Claimant refused this offer due to the wage differential, and further declined to "bid" on labor grade 9 jobs paying 13 cents less per hour available through Westinghouse's voluntary transfer program, but rather elected to take early retirement effective July 1, 1973.

Based upon this factual background, the Unemployment Compensation Board of Review found that "(c)on-

tinuing work was available to Claimant had he desired to remain employed," and thus concluded that he had terminated his employment without necessitous and compelling reason. Conspicuously missing from the Board's findings of fact or discussion of the case, however, is any consideration of the suitability of the jobs offered to Claimant in light of his prior experience, training and remuneration. Our Supreme Court held in *Shay Unemployment Compensation Case*, 424 Pa. 287, 227 A. 2d 174 (1967), that the compensation authorities must explore and determine whether proffered employment is "suitable work" within the criteria of Section 4(t), 43 P.S. §753(t), when considering if a voluntary termination is for necessitous and compelling cause under Section 402(b)(1). As this determination is critical to our review, we must reluctantly remand the record in this case to the Board for the necessary findings of fact and for the taking of additional testimony, if it deems necessary, to support this finding. *See Hunt v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 577, 302 A. 2d 866 (1973).

We note, for the Board's guidance on remand, that under the facts of *Shay Unemployment Compensation Case*, *supra*, and our recent decisions in *Bethlehem Steel Company v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 292, 310 A. 2d 697 (1973), and *United States Steel Corporation v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 295, 310 A. 2d 94 (1973), it is clear that the offer of a labor grade 3 position to Claimant with a reduction in wage of 91 cents per hour is not suitable work. The labor grade 9 position, on the other hand, may well have constituted suitable work, but the findings of fact and supporting record must reveal a meaningful inquiry of the compatability of this employment

opportunity with Claimant's previous experience, training, and the other criteria enumerated in Section 4(t).

ORDER

AND NOW, July 25, 1974, the Order of the Unemployment Compensation Board of Review is vacated, and the record is remanded to the Board for proceedings consistent with this Opinion.