Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Harriet Miedama, Appellant.

Argued October 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of three.

*Stanton C. Kelton,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 22, 1976:

Harriet Miedama (Claimant) has appealed an order of the Unemployment Compensation Board of Review affirming the referee's denial of benefits.

The referee made the following findings:

"1. Claimant was last employed by the Plaza Travel Agency as a Travel Agency Manager at $185.00 per week, from March of 1971 to October 25, 1974, at which time she had a valid separation.

"2. While in an active claim status, and on or about February 1, 1975, the claimant entered into an agreement to tender her services to the Come Travel agency.

"3. Business cards were made up in the claimant's name, indicating she was an authorized representative of Come Travel, at 2923 Hulmeville Road in Cornwells Heights, Pa. (19020).

"4. Since approximately February 1, 1975, the claimant has spent one, two, and sometimes three days a week, volunteering her services to Come Travel without remuneration, and she continues to volunteer her services without receiving remuneration as of the date of the scheduled hearing."

The Bureau of Employment Security (Bureau) granted benefits and Plaza Travel Agency appealed. The referee determined that since Claimant was performing services for Come Travel Agency as their au-

thorized representative, the fact that she received no *financial* remuneration for her services was not per se determinative of the issue. Therefore, the referee found that Claimant was not ''unemployed'' within the meaning of that term in Section 4(u) of the Unemployment Compensation Law (Act)[1] and reversed the Bureau's decision.

Section 4(u) provides:

(u) 'Unemployed.'

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

The narrow issue for our determination is whether the term ''remuneration'' in Section 4(u) of the Act should be so strictly construed that it applies only to wages or paychecks. We hold that it should not and must therefore affirm the Board.

Claimant urges that our decisions in *Laswick v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 356, 310 A.2d 705 (1973), and *Marr v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 82, 314 A.2d 596, stand for the proposition that an individual working without financial compensation may still be ''unemployed'' within the definition in Section 4(u) of the Act. However, in these two cases claimants had lost their jobs and had attempted to maintain their finan-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753(u).

cial stability by undertaking sales representative work (unrelated to their prior employment) on a commission basis. The issue in *Laswick* and *Marr* was whether the claimants were self-employed or were employes of the companies for which they were sales representatives. Not being analogous either to legal issues or to the facts, they are not controlling.

Here, we have a claimant who is a travel agent. The testimony reveals that it was essential for her to continue to serve her clients. Otherwise the clients might be lost to other agents. Thus, by becoming a representative of Come Travel, having personalized business cards under the Come Travel Agency logo, and having full access to Come Travel Agency's facilities, Claimant was able to retain her clientele as well as the collateral but necessary active participation in the affairs of her profession. Moreover, the record clearly supports the referee's conclusion that Claimant was performing services for the Come Travel Agency although she was not on the payroll or on a commission basis.

For us to conclude that in these circumstances there is no "remuneration" would be to misread the remedial purposes of the Act which are intended to relieve the economic burdens of temporary unemployment while an individual is seeking other suitable employment. Accordingly, we hold that in the factual posture presented to us, Claimant is not "unemployed" within Section 4(u) of the Act, 43 P.S. §753(u), and therefore is not eligible for benefits.

We therefore

### ORDER

AND Now, this 22nd day of November, 1976, the order of the Unemployment Compensation Board of Review, No. B-128702, is hereby affirmed.