Nicholas Constas, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Nicholas Constas,* petitioner, for himself.

*Elsa Newman,* Assistant Attorney General, with her *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, September 26, 1979:

Nicholas Constas (Claimant) appeals the decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of unemployment compensation benefits by reason of a determination that Claimant was not "unemployed" within the meaning of Section 4(u) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(u).[1]

Prior to November 4, 1976, Claimant was employed as a branch manager of Sarah Coventry, Inc. On that date, he was reclassified a unit director. As a unit director, Claimant received less salary and benefits (his income remaining largely dependent on

---

[1] This Section pertinently provides as follows:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

sales commissions) and he was required to work a minimum of fifteen hours per week. However, Claimant could work as many hours as he wished beyond the fifteen hours required, his remuneration being determined as a function of sales.

On January 23, 1977, Claimant applied for benefits citing as evidence of his unemployed status the part-time nature of his job and his reduced earnings. On February 10, the Bureau of Employment Security denied benefits concluding that Claimant was self-employed. A referee affirmed the Bureau's denial of benefits, but did so on the basis of his conclusion that Claimant was not unemployed within the meaning of Section 4(u). When the Board affirmed the referee's decision, it did so on the basis of its conclusion that Claimant was self-employed. Following a further hearing of the matter, the Board issued its final decision denying benefits. While the Board agreed that Claimant was an employe within the meaning of the Act, the Board nevertheless believed him not to be unemployed. Specifically, the Board found that Claimant could work as many hours per week as he wished, and that he could presumably raise his sales commissions thereby. The Board then concluded that Claimant was, for all intents and purposes, employed full-time within the meaning of the law.

Citing *Sproul v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 442, 322 A.2d 765 (1974), Claimant argues that the Board erred in denying him benefits without first considering the suitability of the unit director position to which Claimant had been relegated by his employer. Reliance on *Sproul* is clearly misplaced. In that case a claimant's job had been phased out and he was offered another lower paying job. In refusing this new position, the claimant argued that he was not reject-

ing suitable work but rather voluntarily terminating his employment for a necessitous and compelling cause, namely the unsuitability of the new position. In remanding that case to the Board, the Court reasoned that it was incumbent upon the Board to consider the suitability of employment in certain voluntary termination cases.

In the present case, Claimant did not voluntarily terminate his employment. Rather, his employer unilaterally reclassified him as a unit director and Claimant continued in this position during the period for which he seeks benefits. We do not believe it necessary, therefore, for the Board to consider the suitability of Claimant's new position unless Claimant is suggesting, for the first time on appeal to this Court, that he voluntarily terminated his employment with Sarah Coventry, Inc., i.e., that he was not employed to some extent.

Claimant next argues that our decision in *Marr v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 82, 314 A.2d 596 (1974), should compel us to conclude that the part-time nature of Claimant's present position should not necessarily disqualify Claimant from receiving benefits. The issue in *Marr* was whether a claimant was self-employed or an employe of the company for which he was a sales representative. Since the Board here concluded that Claimant was an employe of Sarah Coventry, Inc., during the period in question, it is clear that *Marr* is not controlling. *See Unemployment Compensation Board of Review v. Miedama*, 27 Pa. Commonwealth Ct. 207, 365 A.2d 900 (1976).

In reviewing the record in conjunction with the requirements of Section 4(u), it is obvious that Claimant performed some services and received some remuneration for these services. Further, we note that the question of whether the remuneration payable to

Claimant was less than his weekly benefit rate plus his partial benefit credit was not raised and is not, therefore, properly before the Court. We do have Claimant's own testimony that he could work as many as fifty hours a week if he chose and that he could make $200.00 a week if his sales were voluminous enough. Under these circumstances, and given the remedial purposes of the Act, we have no difficulty in concluding that the Board properly disqualified Claimant from receiving benefits. *See Miedama, supra; see also Muchant Unemployment Compensation Case,* 175 Pa. Superior Ct. 85, 103 A.2d 438 (1954). We affirm.

ORDER

AND Now, this 26th day of September, 1979, the order of the Unemployment Compensation Board of Review dated October 5, 1977, is hereby affirmed.