Frankie Mae Jeter, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 6, 1983, to President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*William C. Hart,* with him *Lucinda A. Bush, Hart and Bush,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, November 10, 1983:

Frankie Mae Jeter (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's (1) denial of benefits and (2) assessment of non-fault overpayments. We affirm.

Claimant is employed as the Executive Director of the Welfare Rights Organization—Allegheny County (WROAC) and is paid from funds the WROAC receives from a contract it has with Community Action Pittsburgh (CAP). At the expiration of the WROAC's fiscal year on July 1, 1980, CAP did not initially renew its contract with the WROAC, and claimant was accordingly laid off from her position as of June 29, 1980 because of a lack of funds. Claimant nonetheless continued to perform her job at the WROAC without pay, and applied for, and received unemployment compensation benefits. Thereafter, CAP renewed its contract with the WROAC, Claimant was formally reinstated to her position, and a "bonus" was paid to Claimant equal to the amount of

remuneration she would have received if she had been paid for the services she "volunteered." Upon learning of this "bonus" payment, the Office of Employment Security concluded that Claimant had not been "unemployed" within the intendment of Section 4(u) of the Pennsylvania Unemployment Compensation Law (Law)[1] during the weeks she had received benefits, and assessed her for non-fault overpayments equal to the benefits she had received. The referee and the Board affirmed this determination, and the present appeal followed.

"Where, as here, the party with the burden of proof did not prevail before the Board, this Court's scope of review consists of determining whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law." *Spinelli v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 358, 360, 437 A.2d 1320, 1321 (1981).

Before this Court, Claimant initially alleges that the Board erred as a matter of law by concluding that she had not been "unemployed" during the benefit weeks in question. We disagree.

Section 4(u) of the Law provides in pertinent part that "[a]n individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him. . . ." In *Unemployment Compensation Board of Review v. Miedama,* 27 Pa. Commonwealth Ct. 207, 365 A.2d 900 (1976), this Court concluded that the term remuneration, as used in Section 4(u), is not limited to the situation where paychecks or wages are received for services rendered, but may also encom-

---

[1] Act of December 5, 1936, Second Exec. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(u).

pass the expectation of possible future benefits. Hence, we concluded in *Miedama* that a travel agent, who had been laid off from her job, was not "unemployed" during a period of time when she voluntarily worked as a travel agent without receiving wages in order to preserve her clientele.

In the present case the record shows that WROAC's Director of Operations informed Claimant that she would be paid for the services she performed while she was laid off if the contract with CAP was renewed, and that Claimant did in fact receive a "bonus" when the contract was renewed equal to the salary she would have received if there had been no interruption in the contract. Under these circumstances we believe that the Claimant here, like the Claimant in *Miedama*, can only be said to be performing services upon the expectation of receiving a possible future benefit, and that she, therefore, was not "unemployed" within the intendment of Section 4(u) of the Law.

Claimant finally alleges that the Board erred as a matter of law by assessing her for non-fault overpayments. We once again, however, must disagree.

In support of her contention, Claimant relies on that portion of Section 804(b)(1) of the Law, 43 P.S. 874(b)(1) which provides that "[i]n the absence of misrepresentation or non-disclosure of a material fact, no recoupment shall be had if such overpayment is created by reason of . . . (ii) the subsequent receipt of holiday pay, vacation pay or the like *of which the person had no knowledge. . . .*" (Emphasis added.)

We do not believe that this provision has any applicability, however, to a situation, such as the current one, where a claimant performs services upon the expectation of receiving a possible future benefit, and then receives that hoped for benefit. We shall accordingly affirm.

## ORDER

Now, November 10, 1983, the order of the Unemployment Compensation Board of Review dated April 6, 1982, at No. B-204252, is affirmed.

President Judge CRUMLISH, JR. dissents.