515 A.2d 1013

Nina Myers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 11, 1986, to Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Kenneth R. Jewell, Jewell* & *Kennel,* for petitioner.

*Samuel Lewis,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Craig, October 1, 1986:

Claimant Nina Myers has appealed a decision of the Unemployment Compensation Board of Review holding that all the unemployment compensation she received for three particular weeks, within a six-week period, was subject to recoupment as a fault overpayment because, during the period involved, she was not unemployed and failed to file valid applications. Sections 4(u), 401, 401(c), 404(d), 804(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 1897, *as amended,* 43 P.S. §§753(u), 801, 801(c) 804(d), 874(a).

After the claimant's separation from her previous job under circumstances which were not disqualifying, she applied for benefits effective August 19, 1984, established a weekly benefit rate of $206, subject to a 5% reduction, and a partial benefit credit of $83.00. Undisputed board Findings Nos. 4-9 state the further history of the case as follows:

4. On August 16, 1984, the claimant began helping Znarf and Snibber on a parttime voluntary basis. Claimant was performing some administrative services for this employer.

5. The employer had told the claimant that if she wished to help them out they would be glad to accept her assistance but she would not be paid for such work because they had no money coming in. Claimant was instructed that if they started to sell systems in the future and if she assisted, there would be a commission on sales.

6. On October 10, 1984, the claimant did submit an invoice to the employer showing the dates she did some work, the kind of work she performed, the amount of hours she worked, and the mileage from August 16, 1984, through October 1, 1984.

7. On the invoice, the claimant indicated an hourly rate of $12.00 and mileage expense of 25¢ per mile.

8. Claimant did not report her work to the Office of Employment Security until October 24, 1984, when she told the claims interviewer she had started some self-employment on October 15, 1984.

9. On October 11, 1984, the claimant received payment to cover her employment from September 1, 1984, through October 6, 1984, as per her invoice. Claimant's earnings were as follows:

September 1, 1984—$66.00 + $18.00 mileage = $84.00

September 8, 1984—$30.00 + $2.75 mileage = $32.75

September 15, 1984—$44.40 + $10.00 mileage = $54.40

September 22, 1984—$78.00 + $21.75 mileage = $99.75

September 29, 1984—$42.00 + $7.50 mileage = $49.50

October 6, 1984—$84.00 + $7.50 mileage = $91.50

The board further found that

10. Claimant did not report her work prior to October 24, 1984 because she did not believe what she was doing qualified as work in the Pennsylvania U.C. Informational Handbook. However, the board also found as follows:

11. Claimant knew or should have known she was engaged in work and received earnings for same.

Accordingly, the board held that the claimant was "not unemployed" under sections 4(u) and 401 of the

law during the six-week period in question, and furthermore, because she failed to report "work", she had not made a valid application in accordance with section 401(c). Therefore, the board ruled that, under section 804(a), all compensation paid to the claimant for the three weeks in which her pay ("mileage" included) exceeded her partial benefit rate, was subject to recoupment.

In *Smith v. Unemployment Compensation Board of Review,* 92 Pa. Commonwealth Ct. 511, 500 A.2d 186 (1985), this court clarified and affirmed the principles which govern in a case such as this, where the issue is whether an unemployment compensation claimant has failed to reveal earnings from employment during the period for which he seeks compensation. In such a case, the statutory basis for imposing ineligibility is, as this court stated in *Smith,* derived from section 401(c), but on the theory that such an omission constitutes failure to make an application "in the proper manner", as distinguished from a failure to make a valid application. Furthermore, because section 401(c) imposes disqualification upon a week-by-week basis, we must examine each week separately upon the basis of total, not partial, ineligibility within each such week. Recoupment is governed by section 804(a), as we also noted in *Smith.*

In addition, the *Smith* opinion disapproved certain statements in *Schaeffer v. Unemployment Compensation Board of Review,* 77 Pa. Commonwealth Ct. 634, 467 A.2d 67 (1983), by negating the applicability of section 801(b), 43 P.S. §871(b), in cases such as the present one.

Therefore, following *Smith,* the specific issue in the present case is whether, at material times before October 11, the claimant failed to make application in the proper manner by falsely and knowingly asserting

that she was not employed. More precisely, did the claimant knowingly submit false information when, at times before October 11, she answered negatively the question:

Did you work for anyone, earn wages, or were you self-employed during the week claimed?

Because the claimant did report to the authorities her October 11 pay—albeit somewhat belatedly—on October 24, we must consider whether or not she concealed employment during the period from September 1 through October 6 when she was submitting her weekly applications.

Because section 4(u) of the Law, 43 P.S. §753(u), defines unemployment as the absence of services for which remuneration is paid or payable, "work"—in the sense of employment—necessarily involves remuneration. We note that the board's Finding No. 5 establishes that the claimant had no legal or factual bases for considering herself to be in remunerative work or employment at that time because the board found that "[t]he employer had told the claimant that . . . she would not be paid for such work . . ." but ". . . if they started to sell systems in the future and if she assisted, there would be a commission on sales." Thus the board itself determined that her work during the period up to October 6, before any sales of systems, was not conceived to be remunerative employment—that she would receive no pay and only had a prospect of subsequently earning commissions by future selling activity.

Accordingly, taking the facts as the board found them, the claimant's negation of remunerative employment, during the period before October 11, did not constitute any failure to apply in a proper manner, and the board therefore erred as a matter of law in determining that the petitioner was ineligible under section 401(c) for those three weeks in question.

*Jeter v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 279, 467 A.2d 418 (1978) is distinguishable. In *Jeter,* this court held that a claimant was not unemployed during a period of time when she voluntarily worked without receiving wages, on the faith of a supervisor's promise that she would be paid for those very services if a public grant contract with her agency were subsequently renewed. Because that grant contract was renewed, the claimant received later payment.

In the present case, however, the claimant pursued her activity despite the employer's declaration that she would not be paid for those particular services, on the basis of the employer's promise that she might be employed as a commission salesman in the future.

Although expectation of possible future benefits with respect to services can constitute remuneration, *Unemployment Compensation Board of Review v. Meidama,* 27 Pa. Commonwealth Ct. 207, 365 A.2d 900 (1976), the possible future benefits expected in *Jeter* related to the very services being performed without pay, while, in the present case, during the performance of the services without pay, there was no expectation of benefits with respect to those services.

The decision of the board with respect to fault overpayment is reversed.

ORDER

Now, October 1, 1986, decision No. B-238181 of the Unemployment Compensation Board of Review, dated February 21, 1985, is reversed.