648 A.2d 114

**Douglas BOOTH, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 17, 1994.

Decided Sept. 12, 1994.

Robert L. Johnson, for petitioner.

James K. Bradley, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH, KELLEY, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Douglas Booth appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's determination that Booth is not entitled to benefits because he is not "unemployed" within the meaning of Section 4(u) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(u). The issue presented to this Court is whether the Board erred in determining that Booth is not unemployed and ineligible for benefits because he works part-time while seeking suitable full-time employment in his chosen field.

Booth received benefits after he was involuntarily separated from his electrical engineer position with Westinghouse Electric Corporation due to a lack of work in February 1993. He accepted an insurance salesman position with Prime America Financial Service in March 1993, completed the required training, and received his license to sell insurance on May 18, 1993. Prime America pays Booth a straight commission, considers him an independent contractor, and allows him to establish his own work schedule. Booth worked between twenty to twenty-five hours per week and continued to seek full-time employment as an electrical engineer.

On August 3, 1993, the Charleroi Job Center of the Pennsylvania Department of Labor and Industry determined that Booth was ineligible for benefits as of May 22, 1993 and received an overpayment of benefits in the amount of $2,600. Booth appealed and the referee affirmed concluding that Booth was not unemployed because it was his personal preference to work less than full-time hours and that Booth received the overpayment "through no fault of his own." The referee denied benefits from May 22 through July 17, 1993 and imposed a nonfault recoupable overpayment in the amount of $2,600 pursuant to Section 804(b)(1) of the Law, 43 P.S. § 874(b)(1). The Board affirmed the referee and Booth appealed to this Court.[1]

1. This Court's scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights were violated. *Appel v. Unem-*

Booth relies upon *Marr v. Unemployment Compensation Board of Review,* 12 Pa.Commonwealth Ct. 82, 314 A.2d 596 (1974), and argues that although he was employed part-time, he was unemployed within the meaning of Section 4(u) and entitled to full benefits for each week he received no earnings and partial benefits for the weeks his commission earnings did not exceed the statutory limitations. The Board argues that *Constas v. Unemployment Compensation Board of Review,* 46 Pa.Commonwealth Ct. 202, 405 A.2d 1369 (1979), controls this case and that Booth is not unemployed within the meaning of Section 4(u) because he is able to work full-time for Prime America but chooses to only work twenty to twenty-five hours per week.[2]

In *Marr,* the claimant lost his job as an engineer and began working part-time on a commission basis selling promotional material for Sarah Coventry. This Court recognized that a claimant may be employed part-time yet not considered unemployed within the meaning of Section 4(u) where the claimant has not received remuneration and has no expectation of receiving any remuneration in the future. The Court reversed the Board's determination that the claimant was not unemployed within the meaning of Section 4(u) and remanded the case for further findings because the record was not clear as to whether he received or anticipated receiving remuneration for his services. The issue in *Marr* however was whether the claimant was self-employed or an employee of the company, an issue not before the Court in the matter sub judice.

This Court has consistently recognized that under certain circumstances, the receipt of benefits would not serve the remedial purpose of the Law which is "intended to relieve the

*ployment Compensation Board of Review,* 124 Pa.Commonwealth Ct. 632, 556 A.2d 973 (1989).

**2.** Section 4(u) of the Law defines "unemployed" as follows:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

economic burdens of temporary unemployment while an individual is seeking other suitable employment." *Unemployment Compensation Board of Review v. Miedama,* 27 Pa.Commonwealth Ct. 207, 210, 365 A.2d 900, 902 (1976). Such purpose could not be met if claimants who did not meet Section 4(u) criteria were granted benefits. *See Miedama* (travel agent who volunteered her services to another travel agency in order to continue servicing her clients was not unemployed within the meaning of Section 4(u) and therefore precluded from receiving benefits); *Jeter v. Unemployment Compensation Board of Review,* 78 Pa.Commonwealth Ct. 279, 467 A.2d 418 (1983) (claimant who continued to perform her job on a volunteer basis during a lay-off was assessed a nonfault overpayment after she was rehired because she was paid a promised bonus equal to the amount of remuneration she would have received if paid for the services she volunteered).

The claimant in *Constas* remained employed in sales with the same employer but was reclassified from branch manager to unit director. In his new position he received less salary and benefits, his income remained "largely dependent on sales commissions," and he was required to work a minimum of fifteen hours per week. The claimant testified that he could work as many as fifty hours and make $200 depending upon the volume of his sales. The Board concluded that the claimant was employed full-time for all practical intents and denied benefits. This Court affirmed the Board concluding that under the circumstances and considering the remedial purpose of the Law, the claimant was not unemployed within the meaning of Section 4(u).

In the case sub judice, Booth testified that he limited his hours because he was pursuing a full-time position as an engineer and has access to a limited pool of potential clients as he sells the insurance to people he knows who will allow him into their homes during the evening hours. The referee found that Booth's decision to work less than the customary full-time hours during any claim week was due to his personal preference and not to a lack of work, a finding supported by the evidence. The referee therefore properly concluded that

Booth is not considered to be working less than full-time or to be partially unemployed. Under the rationale expressed in *Constas*, benefits were properly denied to Booth as his status does not fit within the criteria set forth in Section 4(u). Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 12th day of September, 1994, the order of the Unemployment Compensation Board of Review is affirmed.