# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Keane Theater, Inc.,      :
         Petitioner      :
           :
        v.        :    No. 2225 C.D. 2013
           :    SUBMITTED: June 13, 2014
Unemployment Compensation      :
Board of Review,          :
        Respondent    :

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**            **FILED: August 19, 2014**

Employer, Keane Theater, Inc., petitions for review of the order of the Unemployment Compensation Board of Review that affirmed the decision of the referee to grant Claimant Thomas Madden's request for unemployment compensation benefits pursuant to Section 404(d)(1) of the Unemployment Compensation Law (Law),[1] 43 P.S. § 804(d)(1). We affirm.

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*. Section 404(d)(1) of the Law provides that any severance pay shall be deducted from a claimant's weekly benefit rate by subtracting 40 (forty) percent of the average annual wage from the total severance amount and is attributed to the time immediately following the separation.

The Department released its decision based on the calculations provided in Section 404(d) granting Claimant benefits without deduction. Employer appealed only on the ground that the deductions were calculated improperly. Following a hearing, the referee affirmed the Department, opining that there was no evidence to support the notion that Claimant was employed. Employer appealed further to the Board, which affirmed the referee's decision. The appeal to this court followed.

According to the Board's findings of fact, Claimant was employed at Keane Theater until November 18, 2012. At the time Employer and Claimant separated, Claimant received a severance package of $21,500. There is no dispute as to Claimant's eligibility to receive benefits at the time of separation.[2] Claimant applied for unemployment compensation benefits and was granted a weekly benefit allowance of $573 effective May 5, 2013. The Board noted in its discussion that Employer asserted at the hearing before the referee that Claimant is currently employed. The Board suggested Employer submit evidence to the Department, stating that the only issue before it was whether Claimant's severance pay was properly calculated and deducted from Claimant's benefits. Here, Employer has abandoned the issue of the severance pay deductions and has appealed to this Court challenging the Board's refusal to consider the issue of Claimant's employment, and asserting that the evidence showed that claimant was either employed or self-employed. Accordingly, it argues that Claimant is ineligible for any unemployment compensation benefits.

---

[2] At this hearing, Employer's counsel said: "We'd just ask that the recalculation be done on the severance pay to make sure that it is accurate." Hearing of September 18, 2013, N.T. at 3.

Before the referee, Employer's counsel questioned Claimant about the possibility of being currently employed or self-employed, alluding to internet advertisements mentioning Claimant as director, as follows:

> EL    Okay. Were you working at UPMC [inaudible] same position as you held with UPMC with St. Mara's (phonetic)?
> C      I lent my name, and – my name and my reputation currently at UPMC [inaudible].
>
> EL    Would this be a fair and accurate representation of an Internet advertisement, with your name at the bottom as producer, and employment – employed with UPMC?
> C      No. It's being produced by Asylum Entertainment. I'm directing. I'm not receiving any money for my directing the job. I never received any money for directing at St. Mara's.
>
> EL    And you're not being compensated by UPMC for this effort?
> C      I'm not being compensated by anyone by – for this effort.
>
> EL    We'd just ask that the recalculation be done on the severance pay to make sure that it is accurate.
>
> . . . .
>
> R      Anything else, Mr. Madden?
> C      As far as that question there, again, I have never received payment from UPMC, the Legacy Theater, or Asylum Entertainment. I'm not currently working. I'm looking for jobs. I'm attempting to show the Legacy Theater that they might be able to do something, maybe employ me. That's what I'm hoping to get out of it.

Hearing of September 18, 2013, N.T. 3-4. The advertisements referenced by Employer's counsel were neither offered nor admitted into evidence.[3]

The referee, affirming the Department, stated that there was no evidence to support Claimant's alleged employment and, therefore, the only issue he would address was the severance matter. Employer appealed to the Board, which stated that the issue of Claimant's employment was not before it and was a matter for the Department.

We agree that the Board erred by not addressing the issue of whether Claimant is currently employed and, therefore, ineligible for benefits. Pursuant to Section 101.107 of the Pennsylvania Code, "The Board may consider an issue in the case though not expressly ruled upon in the decision of the Department or the referee and though not previously raised in the claim or appeal proceedings." 34 Pa. Code § 101.107. However, Employer's claim that Claimant is either employed or self-employed, and therefore ineligible for benefits, is simply not supported by the record.

---

[3] The referee admitted the following documents and referee exhibits into evidence:
- Notice of Hearing
- List of Issues that arise in appeals proceedings
- An announcement regarding Unemployment Compensation which begins with the word "Important"
- A card heading "Do You Need Assistance?"
- Notice of Determination
- Two Petitions for Appeal
- A fax cover sheet from Employer Counsel
- Certification of Documents
- Claimant Questionnaire
- The electronic Claim Record

Hearing of September 18, 2013, N.T. at 2.

4

Once Claimant has proven that he is eligible to receive unemployment compensation benefits, the burden falls on Employer to prove ineligibility due to employment. *Buchanan v. Unemployment Comp. Bd. of Review*, 581 A.2d 1005, 1007 (Pa. Cmwlth. 1990). The Employer cites *Jeter v. Unemployment Compensation Board of Review*, 467 A.2d 418, 419 (Pa. Cmwlth. 1983), stating that Claimant may receive future benefits from the alleged employer and is therefore ineligible for unemployment compensation. Amended brief for Petitioner page 9. In *Jeter*, the Claimant was promised payback for any work she did while laid off if a government contract was renewed. The contract was renewed and the Claimant received the bonus she was promised. *Id*. Employer also relies on *Unemployment Compensation Board of Review v. Kessler,* 365 A.2d 459, 461 (Pa. Cmwlth. 1976), arguing that "a claimant who has embarked upon self-employment is barred from receiving unemployment benefits, *even if the claimant has no income from such venture.*" Amended Brief for Petitioner at page 9. While we do not disagree with these principles, the record does not reflect any of the circumstances at issue in those cases. The advertisements which Employer references in support of the argument that Claimant is employed were never entered into the record and are included only in the reproduced record provided by Employer. We may not consider matters outside the record. *Pa. Turnpike Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009). Even if these internet advertisements noting Claimant as director were accepted into the record, they do not satisfy the burden of proof that Claimant is employed or self-employed. The evidence shows nothing more than what Claimant admitted at the hearing. Volunteering with the hope of obtaining future employment is neither employment nor self-employment.

Although the Board erred by not addressing the issue, because there is no evidence in the record to support Employer's argument that Claimant is employed or self-employed, we agree with the Board's holding that Claimant is entitled to benefits.

For the above reasons, we affirm the Board's order.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

The Keane Theater, Inc.,      :
                 Petitioner     :
                                :
          v.            :   No. 2225 C.D. 2013
                                :
Unemployment Compensation    :
Board of Review,             :
                 Respondent    :

# **O R D E R**

AND NOW, this 19th day of August, 2014, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge