Abrams Bed, LLC,                        :
                      Petitioner          :
                                        :
           v.                             :
                                        :
Unemployment Compensation               :
Board of Review,                        :    No. 1829 C.D. 2013
                      Respondent      :    Submitted: May 16, 2014

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: July 30, 2014

         Abrams Bed, LLC (Abrams) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) September 6, 2013 order affirming the Referee's decision awarding Mark Carrozza (Claimant) UC benefits under Section 402(h) of the UC Law (Law).[1]  The sole issue before the Court is whether the UCBR erred in determining that Claimant was an employee of Abrams and therefore eligible for UC benefits under Section 402(h) of the Law.  After review, we affirm.

         Claimant worked for Abrams as a full-time consultant from March 2013 until his last day of work, May 16, 2013.  Claimant's rate of pay was $3,500.00 per month for the first two months and $4,000.00 for the last month.  Because Abrams did not wish to have employees, it entered into an independent contractor agreement

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h).

with Claimant. Claimant was aware of Abrams because he had previously done some advisory work for it while he was employed elsewhere, and had helped to market the non-profit organization associated with Abrams. Although Claimant did not have set hours, he was typically at the workplace from 8:30 a.m. to 6:00 p.m., and opened and closed the facility. Abrams' president supervised Claimant and met with him weekly. Claimant was required to provide Abrams with a spreadsheet detailing his work activities. Claimant standardized Abrams' production, and wrote down production procedures to be used to train employees. Claimant prepared a strategic plan to expand marketing, and sought to obtain Food and Drug Administration approval for the specialized bed Abrams manufactured so it could be used as a medical device.

Claimant separated from Abrams and thereafter applied for UC benefits. On June 10, 2013, the Altoona UC Service Center determined that Claimant was self-employed and therefore ineligible for UC benefits under Section 402(h) of the Law. Claimant appealed, and on July 10, 2013, a Referee hearing was held. On July 12, 2013, the Referee reversed the UC Service Center's determination, finding that Claimant was Abrams' employee and thus eligible for UC benefits under Section 402(h) of the Law. Abrams appealed to the UCBR. On September 6, 2013, the UCBR affirmed the Referee's decision.[2] Abrams filed a Request for Reconsideration which the UCBR denied. Abrams appealed to this Court.[3]

---

[2] The UCBR "adopt[ed] and incorporate[d] the Referee's factual findings and legal conclusions." UCBR Dec. at 1.

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence." *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

2

Abrams argues that the UCBR committed an error of law and failed to base its decision on substantial record evidence when it concluded that Claimant was not a self-employed independent consultant. We disagree.

Section 402(h) of the Law provides that an employee will be ineligible for benefits for any week in which he is self-employed. Further, Section 4(l)(2)(B) of the Law defines "employment" to include, in pertinent part:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that-- (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently[-]established trade, occupation, profession or business.

43 P.S. § 753(l)(2)(B). Further,

> [i]n employment cases, an individual receiving wages for his services is presumed to be an employee, and the employer bears a heavy burden to overcome that presumption. To overcome this statutory presumption of employment, the employer must show that the individual performed the work free from the employer's control and direction, and that the work was done for others, not just the employer, as part of an independent trade.

*Peidong Jia v. Unemployment Comp. Bd. of Review*, 55 A.3d 545, 548 (Pa. Cmwlth. 2012) (citation omitted). "[U]nless the employer can show that the employee [is] not subject to his control and direction and [is] engaged in an independent trade, occupation or profession, then [the worker is an employee]." *Id.* (quoting *C.A. Wright Plumbing Co. v. Unemployment Comp. Bd. of Review,* 293 A.2d 126, 129 (Pa. Cmwlth. 1972)). Here, Abrams did not appear at the Referee hearing, and thus, did not present any evidence to rebut the presumption that Claimant was Abrams' employee.

3

In its brief, Abrams places great emphasis on the fact Claimant stated at the Referee hearing that he signed an independent consultant agreement but chose not to submit it into evidence because it was contrary to his argument. However, the law is well established that "a contract that on its face purports to establish an independent contractor relationship may not necessarily establish an independent contractor relationship. Rather, findings regarding the actual working relationship between worker and employer determine whether this element is satisfied." *Kurbatov v. Dep't of Labor & Indus.*, 29 A.3d 66, 70 (Pa. Cmwlth. 2011) (citation omitted). Thus, "[t]he fact that Claimant signed a consulting contract is not dispositive of the work relationship." *Peidong Jia*, 55 A.3d at 549.

Abrams also contends that finding of fact 12 is not supported by substantial record evidence. Finding of fact 12 reads as follows: "The [C]laimant functioned as a manager for [Abrams]." Ref. Dec. at 2.

> In an unemployment compensation appeal, the [UCBR's] factual findings are conclusive on appeal so long as the record taken as a whole contains substantial evidence to support those findings. *Grieb v. Unemployment Comp. Bd. of Review, . . .* 827 A.2d 422 ([Pa.] 2003). In determining whether substantial evidence exists, we view the record in the light most favorable to the party that prevailed before the Board, and give that party the benefit of all reasonable inferences that can be drawn from the evidence.

*Big Mountain Imaging v. Unemployment Comp. Bd. of Review*, 48 A.3d 492, 494-95 (Pa. Cmwlth. 2012). "Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion." *Middletown Twp. v. Unemployment Comp. Bd. of Review*, 40 A.3d 217, 223 (Pa. Cmwlth. 2012). Although Clamant did not specifically testify that he was a "manager," Claimant testified at length regarding his role in managing Abrams' overall operations.

4

Claimant testified that his previous employment title was manager for a retail store, and when he became unemployed, Abrams offered him work. Claimant stated that he worked with "the production manager[,]" and they "started to standardize the production procedures . . . ." Notes of Testimony, July 10, 2013 (N.T.) at 9. He further reported that he "was at the production floor from, like, 8:30 to 6:00, so I, you know, opened the production floor and closed it." N.T. at 8. Finally, he related that he "locked up most of the days." N.T. at 9. "The [UCBR] credit[ed] the [C]laimant's testimony that he acted in a managerial role where he standardized production." UCBR Dec. at 1. Viewing the testimony in the light most favorable to Claimant, and giving Claimant the benefit of any inferences which can logically and reasonably be drawn from the evidence, we conclude Claimant's credible testimony establishes that finding of fact 12 is based on substantial record evidence.

Abrams further contends that the UCBR's three bases for affirming the Referee's decision are without merit nor supported by the evidence. However, the UCBR did not cite "three specific points that support its decision[.]" Abrams Br. at 11. Rather, the UCBR made three specific credibility determinations regarding Claimant's testimony. The UCBR stated:

> [T]he [UCBR] credits the [C]laimant's testimony that he acted in a managerial role where he standardized production. . . . [T]he [UCBR] credits the [C]laimant that he, like his fellow co-workers, thought of himself, and behaved as, an employee of [Abrams]. . . . [T]he [UCBR] credits the [C]laimant's testimony that although the rest of the employees did not work on Fridays, he was at [Abrams'] premises on Fridays.

UCBR Dec. at 1. The law is well settled that "[i]n unemployment compensation matters, the [UCBR] is the ultimate fact finder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses." *Goppman v.*

*Unemployment Comp. Bd. of Review*, 845 A.2d 946, 947 n.2 (Pa. Cmwlth. 2004) (quotation marks omitted). "In making those determinations, the [UCBR] may accept or reject the testimony of any witness in whole or in part. We will not disturb the [UCBR's] credibility determinations on appeal." *Doyle v. Unemployment Comp. Bd. of Review*, 58 A.3d 1288, 1291 n.4 (Pa. Cmwlth. 2013) (citation omitted). The Claimant expressly testified to each of the above-quoted statements. *See* N.T. at 9, 10. The UCBR accepted Claimant's testimony which is supported by the record evidence; thus, we will not disturb that determination.

Finally, Abrams asserts that the Referee and the UCBR failed to properly apply the two-prong independent contractor test provided in Section 402(h) of the Law. Specifically, Abrams contends that the record evidence does not support the Referee's and UCBR's finding that Claimant was not acting independently of Abrams' control. However, Abrams stated in its brief: "In her decision/Order, the Referee made the following findings of fact that are **uncontested** by [Abrams]: Paragraphs **1**, 3, 4, **5**, **6**, 7, 8, and 11. . . . **These facts are supported by the Claimant's testimony** and are not restated here as **they are not in controversy**." Abrams Br. at 9 (emphasis added). Findings of fact 1, 5 and 6 read as follows:

> 1. The [C]laimant **worked for the employer, [Abrams], as a consultant, full-time**, from March 2013 until his last day of work, May 16, 2013. . . .
>
> 5. The **[C]laimant was supervised by [the] president** of the employer [Abrams], **with whom he met weekly.**
>
> 6. The **[C]laimant was required to provide the employer [Abrams] with a spreadsheet** detailing his work activities.

Referee Dec. at 1 (emphasis added). The above findings of fact, which Abrams admits are supported by substantial evidence, support the conclusion that Claimant did not act independently of Abrams' control.

6

In regard to the second prong, Abrams alleges that Claimant did not provide evidence of, and the Referee did not consider, whether Claimant was able to perform the same services for others or whether the nature of the business compelled Claimant to perform those services only for Abrams, or whether Claimant worked on a job-to-job basis. While it is true that neither the Referee nor the UCBR specifically addressed the second prong of the Section 402(h) analysis, the Referee did make finding of fact 4 which the UCBR adopted and incorporated, and reads: "Although the [C]laimant did not have set hours, he was typically at the workplace from 8:30 am to 6:00 pm and opened and closed the facility." Referee Dec. at 1. Abrams conceded that this finding was supported by Claimant's testimony and consequently it was uncontested. Further, the UCBR found credible Claimant's testimony that he worked on Fridays as well. Clearly, if Claimant was working over 45 hours a week for Abrams, he had little or no time to work elsewhere. Moreover, the UCBR expressly stated: "The [UCBR] finds and concludes that [Abrams], which failed to appear at the hearing[,] did not meet its burden of rebutting the presumption that the [C]laimant was an employee under Section 402(h) of the Law." UCBR Dec. at 1. We discern no error in this conclusion.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

7

Abrams Bed , LLC,                          :
                              Petitioner    :
                                           :
                  v.                        :
                                           :
Unemployment Compensation       :
Board of Review,                    :        No. 1829 C.D. 2013
                              Respondent   :

# O R D E R

AND NOW, this 30th day of July, 2014, the Unemployment Compensation Board of Review's September 6, 2013 order is affirmed.

_____
ANNE E. COVEY, Judge