# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RN Plus Inc.,                               :
               Petitioner                  :
                                                   :
           v.                                   :   No. 1876 C.D. 2019
                                                   :   SUBMITTED: November 9, 2020
Unemployment Compensation Board     :
of Review,                                  :
               Respondent                  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ANNE E. COVEY, Judge (P.)
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: December 4, 2020**

      RN Plus Inc., adjudicated to be Employer, petitions for review of an order of the Unemployment Compensation Board of Review that reversed the referee's decision finding Claimant, John T. Landy, to be an independent contractor and, therefore, ineligible for unemployment compensation benefits under Section 402(h) of the Unemployment Compensation Law (Law).[1]  We agree with the Board that Employer did not satisfy its burden of establishing that Claimant was customarily engaged in an independently established trade, occupation, or business and, therefore, affirm the Board's decision that he was eligible for benefits.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h).

The Board rendered the following findings of fact:[2]

1. [C]laimant was employed by St. John's Neumann Center for Rehabilitation from October 9, 2018, until January 28, 2019, and received [unemployment compensation (UC)] benefits as a result. That separation is not at issue in this case.

2. [C]laimant was employed by Suburban Woods Health & Rehabilitation, full-time, from February 18, 2019, until April 9, 2019, when he was separated from his employment and began receiving UC benefits. That separation is not at issue in this case.

3. The purported employer, RN Plus Inc., provides labor to nursing homes and assisted living facilities.

4. A facility contacts the purported employer and advises it of the shifts the facility needs covered. The purported employer then sends out a group text message with those available shifts and individuals thereafter can sign up for those shifts on a first-come, first-serve basis. The purported employer then submits the individual's name and qualifications to the facility for approval.

5. [C]laimant was not required to accept any offered shift and was free to work for other employers while performing services for the purported employer.

6. [C]laimant was paid based on the number of hours he worked at an assignment after he submitted his hours to the purported employer.

---

[2] The Board is the ultimate finder of fact, "empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine what weight to accord evidence." *Oliver v. Unemployment Comp. Bd. of Rev.*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010). This Court may not reweigh the evidence. *Id*.

7. [C]laimant received a base pay from the purported employer, but the pay for individual facilities varied.

8. The purported employer did not provide any training to [C]laimant, provide any tools necessary to perform the job, hold meetings [he] was required to attend, or supervise [his] work.

9. No taxes were withheld from [C]laimant's paycheck.

10. Due to complaints from the facility where [C]laimant was assigned, the purported employer stopped offering [him] assignments.

(Board's Findings of Fact "F.F." Nos. 1-10.)[3]

In accordance with the above findings, the Board concluded that Claimant was free from Employer's direction and control but not customarily engaged in an independently established trade, occupation, profession, or business. Consequently, the Board determined that Employer failed to establish that Claimant was an independent contractor. Employer's petition for review to this Court followed.

On appeal, Employer presents two issues: 1) whether the Board erred in concluding that it did not meet its burden of proving that Claimant was an independent contractor under the Law;[4] and 2) whether there is substantial evidence

___

[3] The Board did not affirmatively address the fact that Claimant signed an "Acknowledgement," wherein he agreed that he was an independent contractor and that he would purchase specified insurance coverage. (Service Center, Ex. No. 7; Reproduced Record "R.R." at 21a.) Although an alleged independent contractor agreement is an important factor to consider, it is not determinative of a claimant's status. *Hartman v. Unemployment Comp. Bd. of Rev.*, 39 A.3d 507, 511-12 (Pa. Cmwlth. 2012).

[4] The determination of self-employment is not a finding of fact, but a legal conclusion based on the facts of each case. *McKean v. Unemployment Comp. Bd. of Rev.*, 94 A.3d 1110, 1112 (Pa. Cmwlth. 2014).

for the Board's finding that Claimant was not customarily engaged in an independently established trade, occupation, profession, or business.

Section 402(h) of the Law provides in relevant part that a person is ineligible for unemployment compensation in any week in which he is "engaged in self-employment." 43 P.S. § 802(h). Self-employment is not a defined term under the Law. Thus, courts look to the definition of "employment" set forth in Section 4(*l*)(2)(B) of the Law, 43 P.S. § 753(*l*)(2)(B), which provides in relevant part:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

This Court has consistently held that, before an individual will be declared to be self-employed, both elements of Section 4(*l*)(2)(B) must be satisfied. *Silver v. Unemployment Comp. Bd. of Rev.*, 34 A.3d 893, 896 (Pa. Cmwlth. 2011). Pursuant to the two-prong test, the Court first examines the degree of control or direction over the work performed, and second, whether the individual is customarily engaged in an independently established trade, occupation, profession, or business. *Jia v. Unemployment Comp. Bd. of Rev.*, 55 A.3d 545, 548 (Pa. Cmwlth. 2012). An alleged employer asserting that an individual is not eligible for benefits because that person is self-employed bears the burden of proof. *C E Credits OnLine v. Unemployment Comp. Bd. of Rev.*, 946 A.2d 1162, 1167 (Pa. Cmwlth. 2008). There is a presumption that someone receiving wages is an employee and the alleged employer bears a heavy burden to rebut the presumption. *Jia*, 55 A.3d at 548.

4

With respect to the "direction and control" prong of the independent contractor test, no single factor is controlling and the ultimate conclusion must be based on the totality of the circumstances. *Pasour v. Unemployment Comp. Bd. of Rev.*, 54 A.3d 134, 138 (Pa. Cmwlth. 2012). In reviewing this prong, we have considered factors such as whether there was a fixed rate of remuneration; taxes were withheld; the employer provided the tools or training to perform the job; the employer set the time and location of work; and the employer could review the claimant's performance. *C E Credits OnLine*, 946 A.2d at 1168. Here, the Board's finding that Claimant was free from Employer's direction and control is not disputed. For example, Employer did not withhold taxes from Claimant's pay, did not provide him with any tools or on-the-job training, and did not hold regular meetings that he was required to attend. (F.F. Nos. 8 and 9.)

We turn to the second prong, which requires a purported employer to establish that an individual is customarily engaged in an independently established trade, occupation, profession, or business. In reviewing this prong, we have considered factors such as the negotiation of different rates, variable compensation, and responsibility for one's taxes, *Attorneys On Call v. Unemployment Compensation Board of Review*, 624 A.2d 754, 756-57 (Pa. Cmwlth. 1993), as well as the submission of invoices for services rendered, *C E Credits OnLine*, 946 A.2d at 1168. Historically, we have also weighed whether the claimant was *permitted* or *able* to perform "the activities in question to [any others] who wished to avail themselves of the services." *Resource Staffing, Inc. v. Unemployment Comp. Bd. of Rev.*, 995 A.2d 887, 892 (Pa. Cmwlth. 2010). *See also Pasour*, 54 A.3d at 139 (a licensed attorney performing work through a referral service was an independent

5

contractor because he held himself out as capable of performing his services for anyone who wished to engage him for those services).

Recently, the Pennsylvania Supreme Court set forth new standards for the second prong, holding that "the phrase 'customarily engaged' requires that an individual actually be involved, as opposed to merely having the ability to be involved, in an independently established trade, occupation, profession, or business[.]" *A Special Touch v. Dep't of Labor & Indus., Office of Unemployment Comp. Tax Servs.*, 228 A.3d 489, 505-06 (Pa. 2020). In other words, it appears that a claimant must actually provide services for others, or at least make plans or demonstrate some intent to do so. Such a determination is fact dependent. *Id*. at 505.

Here, the Board determined that Claimant was not customarily engaged in an independently established trade, occupation, profession, or business. The Board acknowledged that "[C]laimant was a registered nurse and was not compelled to look only to a single employer in order to provide his services"[5] and that he "was not required to accept any offered shift and was free to work for other employers while performing services for the purported employer."[6] Nonetheless, in concluding that Employer did not satisfy the second prong, the Board reasoned:

> However, [C]laimant had two full-time employers prior to working two days for the purported employer and there is no indication [he] advertised his services to anyone who needed them or performed work for others while working for those two employers or while working for the purported employer.

---

[5] (Board's Decision at 3.)

[6] (F.F. No. 5.)

6

(Board's Decision at 3.)  Additionally, the Board found "no indication that [C]laimant took a positive step toward establishing an independent business following his work for the purported employer." (*Id*.)

Moreover, the Board found the *de minimis* nature of Claimant's services to be indicative of the fact that he was not customarily engaged in an independent business, citing *Minelli v. Unemployment Compensation Board of Review*, 39 A.3d 593 (Pa. Cmwlth. 2012).  In *Minelli,* a nurse entered into an independent contractor agreement to review records on a limited, as-needed basis and we held that she was not customarily engaged in an independent business because she performed only twenty-two hours of work over three days.  *Minelli,* in turn, had relied upon *Silver,* 34 A.3d 893.

As the Board noted, quoting *Silver*: "the fact that an unemployed person agrees to accept, and thereafter does accept, an occasional offer of work is not enough to demonstrate [he] is customarily engaged in an independently established trade, occupation, profession, or business." *Id*. at 898.  (Board's Decision at 3.)  *See also Begovic v. Unemployment Comp. Bd. of Rev.*, 234 A.3d 921 (Pa. Cmwlth. 2020) (holding that a claimant's brief stint as a canvasser for a political action committee for purposes of making money on the side was insufficient to establish that she was customarily engaged in an occupation, trade, or business under the Law).

In conclusion, the Board decided in favor of Claimant even before the Supreme Court decided *A Special Touch*, which would only further support the Board's decision.  As this Court recently observed, the Supreme Court in *A Special Touch* clarified that "the meaning of the phrase 'customarily engaged' requires an individual to be 'usually,' 'habitually,' or 'regularly' 'employed' or 'involved' in activity; or 'employed' or 'involved' in activity 'according to customs,' 'general

7

practice,' or 'usual order of things.'" *Begovic*, 234 A.3d at 931 (quoting *A Special Touch*, 228 A.3d at 503). In other words, the purported employer must demonstrate that he is actually involved or is "actively holding himself out to perform services for another, such as through the use of business cards or other forms of advertising." *A Special Touch*, 228 A.3d at 504. Here, the purported employer simply did not meet its burden of establishing that Claimant worked for others, had his own nursing business, or took affirmative steps toward starting such a business.[7]

      Accordingly, we affirm.

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[7] In *Lowman v. Unemployment Compensation Board of Review*, 235 A.3d 278, 303 (Pa. 2020), the Supreme Court, in determining that an Uber driver was not engaged in an independently established business, stated: "[A]n analysis using Section [4](*l*)(2)(B)[(b)] [of the Law] does not evaluate what a claimant could do, but what he has done and/or is doing in terms of providing personal services for remuneration." Additionally, the Court reiterated that no one factor is dispositive in determining whether the independence factor has been satisfied and that the unique facts of each case must be addressed. *Id*. at 302-03.

In the present case, Claimant as the prevailing party must be afforded the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Gibson v. Unemployment Comp. Bd. of Rev.*, 760 A.2d 492, 494 (Pa. Cmwlth. 2000). Accordingly, based on the accepted evidence of record, there is no indication that Employer would have satisfied the independence factor as elucidated by the Court in *Lowman*.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

RN Plus Inc.,                 :
         Petitioner      :
                         :
         v.            :    No. 1876 C.D. 2019
                         :
Unemployment Compensation Board  :
of Review,                  :
         Respondent    :

## **O R D E R**

AND NOW, this 4th day of December, 2020, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge